UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
VENANCIO AGUASANTA ARIAS,     )
et al.,                       )
                              )
     Plaintiffs,              )
                              )
     v.                       )    Civil Action No. 01-1908 (RWR)
                              )
DYNCORP AEROSPACE OPERATIONS, )    Consolidated with Civil Action
LLC, et al.,                  )    No. 07-1042 (RWR) for case
                              )    management and discovery
     Defendants.              )    purposes
_____)
```

### MEMORANDUM OPINION

Plaintiffs, citizens and domiciliaries of Ecuador, brought an action alleging physical harm and property damage stemming from the defendants' contract with the United States government to spray pesticides in order to eradicate Colombian cocaine and heroin farms. The parties moved jointly to dismiss two specific categories of plaintiffs who had failed to provide complete questionnaire responses to the defendants as a part of their discovery obligations, although the parties diverge on whether the dismissals should be with or without prejudice. The defendants later moved to add another 165 plaintiffs to those being dismissed. Because the plaintiffs in the two dismissal categories have failed repeatedly to comply with their discovery obligations and the failure prejudices the defendants, the

-2-

plaintiffs identified in both motions will be dismissed from this action with prejudice.

## BACKGROUND

The parties filed a joint status report and motion to dismiss a group of 425 plaintiffs who fall into two specific categories: (1) plaintiffs who have provided sufficient information about the alleged date(s) of their exposure to the defendants' spray but who did not disclose sufficient information about their location at the time of their exposure; and (2) plaintiffs who did not provide sufficient information about their alleged damages.  (Joint Status Rep. and Mot. to Dismiss Without Prejudice the Pls. in Two Categories Specified by the Court on July 17, 2009 at 1.)  The parties do not agree on whether these plaintiffs should be dismissed with or without prejudice.  (Id. at 2 n.2.)

The defendants then moved separately to dismiss with prejudice 165 additional plaintiffs who fall into the two named categories.  (See Defs.' Mot. to Dismiss With Prejudice Add'l Pls. ("Defs.' Mot. to Dis.") at 1; Defs.' Reply at 1.)  In support of their motion, the defendants argue that the plaintiffs in these two categories have been "given several chances to provide the information ordered by the Court but [have] failed to do so."  (Defs.' Mot. to Dis. at 12.)  The plaintiffs oppose additional dismissals and argue that no dismissal should be with

-3-

prejudice because the plaintiffs have provided sufficient information regarding either exposure location or damages. (See Pls.' Opp'n to Defs.' Mot. to Dismiss With Prejudice Add'l Pls. ("Pls.' Opp'n") at 2.)

DISCUSSION

Federal Rules of Civil Procedure 37 and 41 govern dismissals. Under Rule 37(b), a court may dismiss an action or proceeding in whole or in part for a party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under these provisions "operates as an adjudication on the merits" unless the order states otherwise. Id.

The central requirement of a Rule 37 sanction is that it be just. Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996). "In determining whether a severe sanction is justified, the district court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." Id. Furthermore, a district court must consider whether a lesser sanction "would be more appropriate for the particular violation." Id. Dismissal is appropriate as "a sanction of last resort . . . after less

-4-

dire alternatives have been explored without success." Trakas v. Quality Brands, Inc., 759 F.2d 185, 186-87 (D.C. Cir. 1985).

While a Rule 37(b) dismissal usually follows some showing of willfulness, bad faith or fault, a plaintiff's persistent failure to comply with discovery and discovery-related orders can be viewed as willful where multiple warnings and second chances have been given to the plaintiff. Handy v. Shaw, Bransford, Veilleux & Roth, Civil Action No. 00-2336 (CKK), 2006 WL 3791387, at *8 (D.D.C. Dec. 22, 2006) (noting that the plaintiff's failure to comply with the defendants' discovery requests prevented the defendants from defending against certain claims at trial). Also, less severe sanctions may be ineffective when despite ample opportunities to comply with a court order, a plaintiff produces discovery responses only selectively. See Smith v. O'Neill, Civil Action No. 99-00547 (ESH/DAR), 2001 WL 950219, at *6 (D.D.C. Aug. 3, 2001).

The plaintiffs here were first ordered to comply with the defendants' discovery requests in November 2007 by providing initial questionnaire responses to the defendants by April 25, 2008. (Scheduling Order, Docket #63, at 1.) The parties modified this deadline, to require that initial questionnaire responses be due by June 25, 2008. (Consent Notice, Docket #68 ¶ 3.) Then, on October 21, 2008, because the plaintiffs had provided incomplete initial questionnaires to the defendants,

-5-

Magistrate Judge Deborah Robinson ordered the plaintiffs to provide to the defendants "verified, factual and complete" questionnaire responses no later than November 19, 2008.  (Order, Docket #76 ¶¶ 1-3.)  Magistrate Judge Robinson further ordered the parties to discuss the "voluntary dismissal of plaintiffs who have failed to provide adequate responses to the [q]uestionnaire[,]" and "[a]ny resulting dismissals shall be with prejudice and the plaintiffs are not entitled to any further opportunity to supplement their [q]uestionnaire responses in support of their responses to the defendants' motions to dismiss."  (Id. ¶ 6.)  Notwithstanding this Order, on December 1, 2008, the final deadline for all questionnaire responses was yet again extended to January 21, 2009 (Order, Docket #84) and, as of July 17, 2009, there were still outstanding incomplete questionnaires, belonging to plaintiffs who either (1) provided sufficient information about dates of exposure but who did not disclose their location, or (2) did not provide sufficient information about their alleged damages.

It has been over two years since the plaintiffs were first directed to complete the defendants' questionnaires.  Multiple orders have directed the plaintiffs to respond in full to the questionnaires, and the plaintiffs received three extensions of time in which to do so.  Despite these orders and extensions of time, however, the plaintiffs now argue that the defendants

should draw their own conclusions from the incomplete information in the plaintiffs' questionnaires.  For example, the plaintiffs state that some of the plaintiffs have "listed their address or community name and claimed damages to crops or animals," and "[t]he obvious conclusion drawn from these two pieces of information is that the crops or animals were exposed at the location identified."  (Pls.' Opp'n at 3.)  The plaintiffs further assert that if a questionnaire indicates that exposure occurred on "the farm" this should be read to mean "my farm" or at least a farm "within their communities."  (Id. at 4.)

The plaintiffs essentially are asking the defendants to draw conclusions based on incomplete information.  If a plaintiff meant "my farm" rather than "the farm," that plaintiff simply should have stated so in his questionnaire.  Despite the plaintiffs' ample opportunity to fill in the information gaps, they now turn to the defendants to do this work for them.  This, however, is not the defendants' duty.

Moreover, the plaintiffs' failure to furnish the requested information impedes the defendants' ability to prepare their defense.  Without the requested information, the defendants are hampered in knowing the full extent, nature and location of the plaintiffs' alleged damages. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) (explaining that "the purpose of the

-7-

Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, [the] defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint"). Contrary to the plaintiffs' claim that any "lingering doubts . . . can be resolved through additional discovery" (Pls.' Opp'n at 4), plaintiffs have demonstrated no good cause entitling them to yet another extension of time to comply with discovery obligations with which they should have complied long ago. Nor have they shown that one more grant of additional time will succeed or that a lesser sanction would be effective here.

Furthermore, as the defendants note, the plaintiffs in the two dismissal categories are distinct from plaintiffs who have submitted no questionnaires altogether. The plaintiffs who have submitted incomplete questionnaires either are or have been available at some point during the course of this litigation. Yet, they continue to withhold essential information regarding their claims. Thus, unlike plaintiffs who have not participated in the litigation at all, these plaintiffs have repeatedly resisted prodding to plainly state data to which they have access.

By having failed to complete the defendants' questionnaires, the plaintiffs identified in the two dismissal categories

-8-

disregarded multiple court orders and prevented the defendants from sufficiently defending their case.  Thus, the parties' joint motion to dismiss will be granted in part and the defendants' motion to dismiss as revised will be granted.  The claims of the plaintiffs to be dismissed will be dismissed with prejudice.

## CONCLUSION

The plaintiffs in the two dismissal categories have been given repeated opportunities to provide the requested information about the location of their exposure and their alleged damages, but have failed to do so.  Because this failure prejudices the defendants and violates multiple explicit court orders, and no lesser sanction is appropriate, the plaintiffs who fall within the two specified categories will be dismissed with prejudice in a separate Order signed today.

SIGNED this 12th day of January, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge